**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-01613 JAK (SSx) | Date | March 8, 2012 |
|---|---|---|---|
| Title | Aristea Cevik v. Deidra Fontana | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

The Court has received Plaintiff's motion to remand, Dkt. 4, scheduled for hearing on May 7, 2012.

Plaintiff Aristea Cevik ("Plaintiff") filed a complaint for unlawful detainer in the Superior Court for the State of California, County of Los Angeles on December 22, 2011, as a limited civil action with an amount in controversy of less than $10,000. Notice of Removal, Exh. A, Dkt. 1. Plaintiff claimed to be the landlord of the subject property located at 8576 Holloway Dr., #9, West Hollywood, California. *Id.* Plaintiff further alleged Defendant Deidra Fontana ("Defendant") failed to comply with the three day Notice to Perform Covenants or Quit served on December 12, 2011. *Id.* Accordingly, Plaintiff sought possession of the premises, costs incurred in the unlawful detainer proceeding, and damages for each day that Defendant remained in possession.

Defendant removed the unlawful detainer action to this Court on February 24, 2012. Notice of Removal, Dkt. 1. In the Notice of Removal, Defendant stated that removal is proper under 28 U.S.C. § 1443(a)(1), which provides that a defendant may remove from the state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Defendant argues that her due process rights have been violated for two reasons: (1) California Code of Civil Procedure § 128.7, which allows for certification of information contained in pleadings, prohibited Defendant from presenting evidence to dispute the existence of a landlord-tenant relationship between Plaintiff and Defendant; and (2) the California Evidence Code deprived Defendant of equal protection because unauthenticated, unsubstantiated evidence was admitted in the state court action. Notice of Removal, pp.2-4, Dkt. 1.

However, § 1443 is interpreted narrowly. A party petitioning for removal under § 1443 must meet a two-part test:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-01613 JAK (SSx) | Date | March 8, 2012 |
| Title | Aristea Cevik v. Deidra Fontana | | |

petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Here, Defendant has not identified a state law or constitutional provision that directs state courts to ignore her civil rights. Additionally, the right that Defendant asserts does not spring from specific statutory grants, but from the broad protection of the Fourteenth Amendment. "Such rights are not within the coverage of section 1443." *Sandoval*, 434 F.2d at 636.

The party seeking removal bears the burden of establishing this Court's jurisdiction. *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011). Here, Defendant has failed to meet that burden in the Notice of Removal because Defendant has not provided the required information noted above with respect to Defendant's equal civil rights. Accordingly, the Court issues this Order to Show Cause Re: Jurisdiction given that Defendant has failed to establish this Court's jurisdiction. On or before March 22, 2012, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is required or if the matter can be addressed by the Court without a hearing. The Court vacates the May 7, 2012 motion hearing and scheduling conference, and no appearance is required by any counsel or party.

**IT IS SO ORDERED.**

: 

Initials of Preparer    ak